IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

TERRY CICIO,

                        Plaintiff,

                                                    Civ. Action No.
            vs.                                     9:08-CV-534 (NAM/DEP)

GRAHAM, PETER M. SIGONA,
RICHARD D. RUSTON, III, PHIL J.
MANNA, A. VEGA, and RYERSON,

                        Defendants.

_____

APPEARANCES:                              OF COUNSEL:

FOR PLAINTIFF:

TERRY CICIO, *Pro Se*
01-R-5455
Upstate Correctional Facility
P.O. Box 2001
Malone, NY  12953

FOR DEFENDANTS:

HON. ANDREW M. CUOMO                      ADRIENNE J. KERWIN, ESQ.
Office of the Attorney General
State of New York
Department of Law
The Capitol
Albany, New York 12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

<u>REPORT AND RECOMMENDATION</u>

Plaintiff Terry Cicio, a New York State prison inmate who is proceeding *pro se* and *in forma pauperis*, has commenced this action pursuant to 42 U.S.C. § 1983, claiming deprivation of his civil rights.  In his complaint, plaintiff asserts that he was assaulted by two of the defendants, while another stood by, and that following the assault medical personnel at the prison facility where the incident took place failed to provide requested medical treatment for his resulting injuries.  Plaintiff's complaint seeks both declaratory and monetary relief.

Currently pending before the court are motions brought on behalf of five of the six named defendants, challenging the sufficiency of plaintiff's allegations against them.  Having carefully reviewed the contents of plaintiff's complaint, considered in the light of defendants' arguments, for the reasons which follow I recommend that defendants' motions be denied.

I.    <u>BACKGROUND</u>[1]

---

[1]    In light of the procedural posture of this case, the following recitation is drawn principally from plaintiff's complaint, the contents of which have been accepted as true for purposes of the pending motion.  *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007)); *see also Cooper v. Pate*, 378 U.S. 546, 546, 84 S. Ct. 1733, 1734 (1964).

The facts giving rise to plaintiff's claims, as set forth in his complaint, are not particularly complex. Plaintiff is a prison inmate entrusted to the care and custody of the New York State Department of Correctional Services ("DOCS"); at the times relevant to his complaint, Cicio was designated to the Auburn Correctional Facility ("Auburn"), located in Auburn, New York. *See generally* Complaint (Dkt. No. 1).

On March 7, 2006, while plaintiff and other inmates at Auburn were confined in a group cell awaiting transfer out of the facility hospital depot, a disruption occurred involving a fellow prisoner. Complaint (Dkt. No. 1) Statement of Facts ¶ 1. Defendants Sigona, Manna and Ruston responded to the incident, entering the cell and ordering all of the inmates to retreat to the back. *Id.* ¶ 2. Plaintiff was pushed by defendant Sigona into defendant Manna, who then grabbed and assaulted Cicio, while defendants Sigona and Ruston stood by without intervening. *Id.* ¶¶ 4-5.

Following the incident plaintiff was seen by defendant A. Vega, a registered nurse at the facility, complaining of wrist and head pains. Complaint (Dkt. No. 1) Statement of Facts ¶ 6. Despite those complaints no medical attention was provided, nor were arrangements made for Cicio to see a doctor. *Id.* ¶¶ 7, 8. Subsequent efforts by the plaintiff to obtain

medical attention for his injuries, through the submission of sick call slips, went unanswered.  *Id.* ¶¶ 9-13, 15.

Grievances were filed by Cicio on March 4, 2006, and again on March 21, 2006, complaining of the failure of prison officials to render him medical attention.  Complaint (Dkt. No. 1) Statement of Facts ¶¶ 14-16. Both grievances were denied, and those determinations were upheld on April 19, 2006, on appeal to defendant Graham, the superintendent at Auburn.  *Id.* ¶ 17.  Plaintiff appealed that determination, presumably to the Central Office Review Committee ("CORC"), on June 12, 2006; there is no indication in plaintiff's complaint, however, regarding the disposition of that appeal.  *Id.* ¶ 18.

II.   PROCEDURAL HISTORY

Plaintiff initiated this action on April 28, 2008.[2]  Dkt. No. 1.  In his complaint, plaintiff names Superintendent Graham, Corrections Sergeant Peter M. Sigona, Corrections Officers Richard D. Ruston and Phil J. Manna, Registered Nurse A. Vega, and Nurse Administrator Ryerson as defendants and asserts varying claims against them based upon the

_____

[2]   This action was commenced in the Western District of New York, but was subsequently transferred here as a result of the issuance of an order on May 2, 2008 by Chief District Judge Richard J. Arcara.  Dkt. Nos. 1, 3.

alleged use of excessive force and failure to intercede on his behalf, and indifference to his medical needs arising from the incident.  *See generally* Complaint (Dkt. No. 1)

On August 12, 2008, in lieu of answering, defendants Sigona and Graham moved seeking dismissal of plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Dkt. No. 9.  Similar motions have since been interposed on behalf of defendant Ruston, on August 27, 2008 (Dkt. No. 15); defendant Ryerson, on September 25, 2008 (Dkt. No. 22); and defendant Vega, on December 29, 2008, (Dkt. No. 28).[3] Plaintiff responded to the motions filed by defendants Sigona, Graham, and Ruston, but has failed to submit papers in opposition to the motions of defendants Ryerson and Vega.  *See* Dkt. Nos. 14, 16, 21.

Defendants' motions, which are now ripe for determination, have been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c).  *See also* Fed. R. Civ. P. 72(b).

III.   DISCUSSION

---

[3]   On September 25, 2008 defendant Manna, who has not moved seeking dismissal of plaintiff's claims at this juncture, filed an answer generally denying the material allegations contained within plaintiff's complaint and setting forth various affirmative defenses.  Dkt. No. 23.

A.      Dismissal Motion Standard

A motion to dismiss a complaint, brought pursuant to Rule 12(b)(6) of

the Federal Rules of Civil Procedure, calls upon a court to gauge the facial

sufficiency of that pleading, utilizing as a backdrop a pleading standard

which is particularly unexacting in its requirements.  Rule 8 of the Federal

Rules of Civil Procedure requires only that a complaint contain "a short and

plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2).  Absent applicability of a heightened pleading

requirement such as that imposed under Rule 9, a plaintiff is not required

to plead specific factual allegations to support the claim; rather, "the

statement need only 'give the defendant fair notice of what the . . . claim is

and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89,

127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 127 S. Ct. 1955, 1964 (2007) (other quotations omitted)); *cf.*

*Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (acknowledging that a

plaintiff may properly be required to illuminate a claim with some factual

allegations in those contexts where amplification is necessary to establish

that the claim is "plausible").  Once the claim has been stated adequately,

a plaintiff may present any set of facts consistent with the allegations

6

contained in the complaint to support his or her claim.  *Twombly*, 127 S. Ct.

at 1969 (observing that the Court's prior decision in *Conley v. Gibson*, 355

U.S. 41, 78 S. Ct. 99 (1957), "described the breadth of opportunity to prove

what an adequate complaint claims, not the minimum standard of

adequate pleading to govern a complaint's survival").

    In deciding a Rule 12(b)(6) dismissal motion, the court must accept

the material facts alleged in the complaint as true, and draw all inferences

in favor of the non-moving party.  *Cooper v. Pate*, 378 U.S. 546, 546, 84 S.

Ct. 1722, 1734 (1964); *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292,

300 (2d Cir.), *cert. denied*, 540 U.S. 823, 124 S. Ct. 153 (2003); *Burke v.

Gregory*, 356 F. Supp. 2d 179, 182 (N.D.N.Y. 2005) (Kahn, J.).  The

burden undertaken by a party requesting dismissal of a complaint under

Rule 12(b)(6) is substantial; the question presented by such a motion is not

whether the plaintiff is likely ultimately to prevail, "'but whether the claimant

is entitled to offer evidence to support the claims.'" *Log On America, Inc. v.

Promethean Asset Mgmt. L.L.C.*, 223 F. Supp. 2d 435, 441 (S.D.N.Y.

2001) (quoting *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir.

1995) (other quotations omitted)).  Accordingly, a complaint should be

dismissed on a motion brought pursuant to Rule 12(b)(6) only where the

7

plaintiff has failed to provide some basis for the allegations that support the elements of his or her claim.  *See Twombly*, 127 S. Ct. at 1969, 1974; *see also Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) ("In order to withstand a motion to dismiss, a complaint must plead 'enough facts to state a claim for relief that is plausible on its face.'") (quoting *Twombly)*. "While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible.'" *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (3d Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1974).

When assessing the sufficiency of a complaint against this backdrop, particular deference should be afforded to a *pro se* litigant whose complaint merits a generous construction by the court when determining whether it states a cognizable cause of action.  *Erickson*, 127 S. Ct. at 2200 ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976) (internal quotations omitted)); *Davis v. Goord*, 320 F.3d 346, 350 (2d Cir. 2003) (citation omitted); *Donhauser v. Goord*, 314 F. Supp. 2d 119, 121 (N.D.N.Y. 2004) (Hurd, J.).  In the event of a perceived deficiency in a *pro*

8

*se* plaintiff's complaint, a court should not dismiss without granting leave to amend at least once if there is any indication that a valid claim might be stated. *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").

  B. <u>Controlling Legal Principles</u>

  Before addressing the specifics of each of the four pending motions, I will outline the legal principles which generally govern the various issues raised by plaintiff's complaint and in defendants' motions.

  1. <u>Excessive Force</u>

  The Eighth Amendment's prohibition of cruel and unusual punishment encompasses punishments that involve the "unnecessary and wanton infliction of pain" and are incompatible with "the evolving standards of decency that mark the progress of a maturing society." *Estelle,* 429 U.S. at 103, 104, 97 S. Ct. at 290, 291 (quotations and citations omitted); *see also Whitley v. Albers,* 475 U.S. 312, 319, 106 S. Ct. 1076, 1084 (1986) (citing, *inter alia*, *Estelle,* 429 U.S. at 103, 97 S. Ct. at 290). Claims that excessive force has been used toward an inmate by a corrections worker implicate the Eighth Amendment's protection against cruel and unusual

punishment.  *See Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003).

The lynchpin inquiry in deciding claims of excessive force against

prison officials is "whether force was applied in a good-faith effort to

maintain or restore discipline or maliciously and sadistically for the very

purpose of causing harm."  *Hudson v. McMillian,* 503 U.S. 1, 6-7, 112 S.

Ct. 995, 998 (1992) (applying *Whitley* to all excessive force claims);

*Whitley*, 475 U.S. at 320-21, 106 S. Ct. at 1085 (quoting *Johnson v. Glick*,

481 F.2d 1028, 1033 (2d Cir.) (Friendly, J.), *cert. denied sub nom.*, *John v.*

*Johnson*, 414 U.S. 1033, 94 S. Ct. 462 (1973)).  Analysis of claims of cruel

and unusual punishment requires both objective and subjective

examinations.  *Hudson,* 503 U.S. at 8, 112 S. Ct. at 999; *Wilson v. Seiter*,

501 U.S. 294, 298-99, 111 S. Ct. 2321, 2324 (1991); *Griffen*, 193 F.3d at

91.

The objective prong of the inquiry is contextual, and relies upon

"contemporary standards of decency."  *Hudson*, 503 U.S. at 8 (quoting

*Estelle v. Gamble*, 429 U.S. 97, 103, 97 S. Ct. 285, 290 (1976)).  When

addressing this component of an excessive force claim under the Eighth

Amendment calculus, the court can consider the extent of the injury

suffered by the inmate plaintiff.  While the absence of significant injury is

10

certainly relevant, it is not dispositive, as the defendants seemingly suggest. *Hudson*, 503 U.S. at 7, 112 S. Ct. at 999. The extent of an inmate's injury is but one of the factors to be considered in determining a prison official's use of force was "unnecessary and wanton"; courts should also consider the need for force, whether the force was proportionate to the need, the threat reasonably perceived by the officials, and what, if anything, the officials did to limit their use of force. *Whitley*, 475 U.S. at 321, 106 S. Ct. at 1085 (citing *Johnson*, 481 F.2d at 1033). Under *Hudson*, even if the injuries suffered by a plaintiff "'were not permanent or severe'", a plaintiff may still recover if "'the force used was unreasonable and excessive.'" *Corselli v. Coughlin*, 842 F.2d 23, 26 (2d Cir. 1988) (quoting *Robinson v. Via*, 821 F.2d 913, 924 (2d Cir.1987)).

Turning to the subjective element, to prevail a plaintiff must establish that the defendant under consideration acted with a sufficiently culpable state of mind. *Davidson v. Flynn*, 32 F.3d 27, 30 (2d Cir. 1994) (citing *Hudson*, 503 U.S. at 8, 112 S. Ct. at 999). That determination is informed by four factors, including 1) the need for application of force; 2) the relationship between that need and the amount of force used; 3) the threat reasonably perceived by the responsible officials; and 4) any efforts made

to temper the severity of a forceful response.  *Whitley*, 475 U.S. at 321, 106 S. Ct. at 1085.  The principal focus of this inquiry "turns on 'whether force was applied in a good faith effort to maintain discipline or maliciously and sadistically for the very purpose of causing harm.'"  *Whitley*, 475 U.S. at 320-21, 106 S. Ct. at 1085 (quoting *Johnson v. Glick,* 481 F.2d at 1033. When considering the subjective element of the governing Eighth Amendment test, a court must consider that the absence of serious injury, though relevant, does not necessarily negate a finding of wantonness since, as the Supreme Court has noted,

> [w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. . . . This is true whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.

*Hudson*, 503 U.S. at 9, 112 S. Ct. at 1000 (citations omitted); *Velasquez v. O'Keefe*, 899 F. Supp. 972, 973 (N.D.N.Y. 1995) (McAvoy, C.J.) (quoting *Hudson*, 503 U.S. at 9, 112 S. Ct. at 1000); *see Romaine v. Rewson,* 140 F. Supp. 2d 204, 211 (N.D.N.Y. 2001) (Kahn, J.).  Even a *de minimis* use of physical force can constitute cruel and unusual punishment if it is

"repugnant to the conscience of mankind."[4]  *Hudson*, 503 U.S. at 9-10, 112 S. Ct. 1000 (citations omitted).

       2.   <u>Failure to Intervene</u>

A corrections worker who, while not participating in an assault upon an inmate, is present while it occurs may nonetheless bear responsibility for any resulting constitutional deprivation.  It is well-established that a law enforcement official has an affirmative duty to intervene on behalf of an individual whose constitutional rights are being violated in his presence by other officers.  *See Mowry v. Noone,* No. 02-CV-6257 Fe, 2004 WL 2202645, at *4 (W.D.N.Y. Sept. 30, 2004); *see also Curley v. Village of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001) ("Failure to intercede results in [section 1983] liability where an officer observes excessive force being used or has reason to know that it will be.") (citations omitted).  In order to establish liability on the part of a defendant under this theory, a plaintiff must prove the use of excessive force by someone other than the

---

[4]    It should be noted, however, that in practice a truly *de minimis* use of force will rarely suffice to state a constitutional claim.  *Hudson,* 503 U.S. at 9-10, 112 S. Ct. at 1000 ("[Not] every malevolent touch by a prison guard gives rise to a federal cause of action"); *Griffen*, 193 F.3d at 91 (citing *Romano v. Howarth,* 998 F.2d 101, 105 (2d Cir. 1993)); *Johnson*, 481 F.2d at 1033 ("Not every push or shove, even if it later may seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights").

individual, and that the defendant under consideration 1) possessed actual

knowledge of the use by another corrections officer of excessive force; 2)

had a realistic opportunity to intervene and prevent the harm from

occurring; and 3) nonetheless disregarded that risk by intentionally refusing

or failing to take reasonable measures to end the use of excessive force.

*See id.*; *see also Espada v. Schneider*, 522 F. Supp. 2d 544, 555 (S.D.N.Y.

2007).  Mere inattention or inadvertence, it should be noted, does not rise

to a level of deliberate indifference sufficient to support liability for failure to

intervene.  *See, e.g., Schultz v. Amick*, 955 F. Supp. 1087, 1096 (N.D.

Iowa 1997) (noting that "liability in a § 1983 'excessive force' action cannot

be founded on mere negligence") (citing, *inter alia*, *Daniels v. Williams*, 474

U.S. 327, 335-36, 106 S. Ct. 662, 667 (1986)).

### 3.   Deliberate Medical Indifference

Claims of medical deliberate indifference to a prison inmate's serious

medical needs also call into play the protections of the Eighth Amendment.

As in the case of any other Eighth Amendment claim, a plaintiff who

contends that prison officials have been deliberately indifferent to his or her

medical needs must satisfy both an objective and subjective requirement;

the conditions must be "sufficiently serious" from an objective point of view,

and the plaintiff must demonstrate that prison officials acted subjectively

with "deliberate indifference."  *See Leach v. Dufrain,* 103 F. Supp. 2d 542,

546 (N.D.N.Y. 2000) (Kahn, J.) (citing *Wilson v. Seiter*, 501 U.S. 294, 298,

111 S. Ct. 2321, 2324 (1991)); *Waldo v. Goord,* No. 97-CV-1385, 1998 WL

713809, at *2 (N.D.N.Y. Oct. 1, 1998) (Kahn, J. and Homer, M.J.) (citations

omitted).

### a)   Serious Medical Need

In order to state a medical indifference claim under the Eighth

Amendment, a plaintiff must allege a deprivation involving a medical need

which is, in objective terms, "'sufficiently serious'".  *Hathaway v. Coughlin*,

37 F.3d 63, 66 (2d Cir. 1994) (quoting *Wilson*, 501 U.S. at 298, 111 S. Ct.

at 2324), *cert. denied sub nom.*, *Foote v. Hathaway*, 513 U.S. 1154, 115 S.

Ct. 1108 (1995).  A medical need is serious for constitutional purposes if it

presents "'a condition of urgency' that may result in 'degeneration' or

'extreme pain'."  *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)

(citations omitted).  A serious medical need can also exist where "'failure to

treat a prisoner's condition could result in further significant injury or the

unnecessary and wanton infliction of pain'"; since medical conditions vary

in severity, a decision to leave a condition untreated may or may not be

unconstitutional, depending on the facts. *Harrison v. Barkley*, 219 F.3d

132, 136-37 (2d Cir. 2000) (quoting, *inter alia*, *Chance*, 143 F.3d at 702).

Relevant factors informing this determination include whether the plaintiff

suffers from an injury that a "'reasonable doctor or patient would find

important and worthy of comment or treatment'", a condition that

"'significantly affects'" a prisoner's daily activities, or "'the existence of

chronic and substantial pain.'" *Chance*, 143 F.3d at 701 (citation omitted);

*LaFave v. Clinton County*, No. CIV. 9:00CV774, 2002 WL 31309244, at *3

(N.D.N.Y. Apr. 3, 2002) (Sharpe, M.J.) (citation omitted).

b)    <u>Deliberate Indifference</u>

Deliberate indifference, in a constitutional sense, exists if an official

"knows of and disregards an excessive risk to inmate health or safety; the

official must both be aware of facts from which the inference could be

drawn that a substantial risk of serious harm exists, and he must also draw

the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970,

1979 (1994); *Leach*, 103 F. Supp. 2d at 546 (citing *Farmer,* 511 U.S. at

837, 114 S. Ct. at 1979); *Waldo*, 1998 WL 713809, at *2 (same).

There is a distinction to be drawn between ignoring an inmate's

serious medical condition altogether and failing to provide the form of

16

treatment sought or preferred by a prisoner.  The Eighth Amendment does

not afford prisoners a right to medical treatment of their choosing; the

question of what diagnostic techniques and treatments should be

administered to an inmate is a "classic example of a matter for medical

judgment" and accordingly, prison medical personnel are vested with broad

discretion to determine what method of care and treatment to provide to

their patients.  *Estelle*, 429 U.S. at 107, 97 S. Ct. at 293; *Chance*, 143 F.3d

at 703 (citation omitted); *Rosales v. Coughlin*, 10 F. Supp. 2d 261, 264

(W.D.N.Y. 1998) (citation omitted).

> C.   Defendants' Motions

> 1.   Defendant Graham

The only factual allegation contained within plaintiff's complaint

involving Auburn Superintendent Graham centers upon his denial on April

19, 2006 of Cicio's appeals taken from adverse determinations rendered in

connection with grievances regarding the failure of prison officials to

provide him with adequate medical attention.  *See* Complaint (Dkt. No. 1)

Statement of Facts ¶ 17.  Defendants assert that this meager allegation

fails to disclose the requisite personal involvement on the part of defendant

Graham in the matters complained of, and that no cognizable due process

claim may be asserted against him arising from the failure to conduct a proper investigation of the denial of plaintiff's grievance.

It is well-established that personal involvement of a defendant in an alleged constitutional deprivation is a prerequisite to an award of damages under section 1983 against that individual. *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir. 1994) (citing *Moffitt v. Town of Brookfield,* 950 F.2d 880, 885 (2d Cir. 1991) and *McKinnon v. Patterson,* 568 F.2d 930, 934 (2d Cir. 1977), *cert. denied*, 434 U.S. 1087, 98 S. Ct. 1282 (1978)).  In order to prevail on a section 1983 claim against an individual, a plaintiff must show some tangible connection between the constitutional violation alleged and that particular defendant.  *See Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

A supervisor like Superintendent Graham cannot be liable for damages under section 1983 solely by virtue of being a supervisor; there is no *respondeat superior* liability under section 1983.  *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) ("[M]ere 'linkage in the prison chain of command' is insufficient to implicate a state commissioner of corrections or a prison superintendent in a § 1983 claim.") (citations omitted); *Wright*, 21 F.3d at 50; *see also*, *e.g.*, *Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987)

18

(dismissal appropriate where plaintiff does no more than allege that

defendant was in charge of prison); *Ayers v. Coughlin*, 780 F.2d 205, 210

(2d Cir. 1985) (same).  Vague and conclusory allegations that a supervisor

has failed to train or properly monitor the actions of subordinate employees

will not suffice to establish the requisite personal involvement and support

a finding of liability.  *Pettus v. Morgenthau*, __ F.3d __, 2009 WL 189901,

at *5 (2d Cir. 2009) ("To the extent that [a] complaint attempts to assert a

failure-to-supervise claim . . .  [that claim is insufficient where] it lacks any

hint that [the supervisor] acted with deliberate indifference to the possibility

that his subordinates would violate [plaintiff's] constitutional rights.").

Culpability on the part of a supervisory official for a civil rights

violation can, however, be established in one of several ways, including

when that individual 1) has directly participated in the challenged conduct;

2) after learning of the violation through a report or appeal, has failed to

remedy the wrong; 3) created or allowed to continue a policy or custom

under which unconstitutional practices occurred; 4) was grossly negligent

in managing the subordinates who caused the unlawful event; or 5) failed

to act on information indicating that unconstitutional acts were occurring.

*Iqbal v. Hasty*, 490 F.3d 143, 152-53 (2d Cir. 2007); *see also Richardson*,

347 F.3d at 435; *Wright*, 21 F.3d at 501; *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986).

Plaintiff's theory of liability against defendant Graham appears to be centered upon the claim that his refusal to conduct an investigation of Cicio's grievance resulted in a denial of procedural due process as guaranteed under the Fourteenth Amendment to the United States Constitution.  Complaint (Dkt. No. 1) Statement of Facts ¶ 23.  As defendants correctly argue, however, plaintiff has no constitutional right of access to an internal grievance process.  *Ward v. Goord*, No. 9:06-CV-1429, 2009 WL 102928, at *7 (N.D.N.Y. Jan. 13, 2009) (Hurd, D.J. and Homer, M.J.).  Accordingly, defendant Graham's failure to investigate, or act favorably upon, plaintiff's grievance does not give rise to his liability for due process deprivation.

This, however, does not end the inquiry.  The court's function in assessing plaintiff's *pro se* complaint is to detect the strongest claim which, based upon the circumstances alleged, could be asserted by the plaintiff. *Diaz v. United States*, 517 F.3d 608, 613 (2d Cir. 2008) (recognizing that courts are to construe *pro se* submissions liberally "to raise the strongest arguments that they suggest") (quotations and citation omitted).  In this

instance plaintiff could argue that defendant Graham is potentially subject to personal liability based upon his awareness of the alleged, ongoing failure of prison officials to provide him with medical treatment for his injuries, coupled with the failure to remedy the wrong after learning of it through the grievance appeal.  Such circumstances could give rise to a finding of liability on the part of Superintendent Graham.  *See Tomarkin v. Ward*, 534 F. Supp. 1224, 1232 (S.D.N.Y. 1984).  Accordingly, under these circumstances it cannot be said at this early procedural juncture that plaintiff has not plausibly alleged defendant Graham's personal involvement in the claimed deliberate indifference to his serious medical needs.  *See id.*

### 2.   Defendant Sigona

In the factual body of his complaint plaintiff alleges that defendant Sigona, a corrections sergeant, was one of three DOCS employees who entered the group cell on March 7, 2006 to investigate the disturbance among inmates.  Complaint (Dkt. No. 1) Statement of Facts ¶ 2.  Plaintiff asserts that Sergeant Sigona pushed him into defendant Manna, who then assaulted him while Sergeant Sigona stood by and failed to intervene.  *Id.* ¶¶ 4, 5.  Although plaintiff's allegations of defendant Sigona's initial push

likely do not support an excessive force claim against him, *see Johnson*, 481 F.2d at 1033, Cicio's assertions regarding that defendant's awareness of the subsequent, alleged beating by defendant Manna suffice to establish a plausible claim, at a minimum, for defendant Sigona's failure to intervene and to end the use of excessive force.

In support of his motion defendant Sigona cites cases which, though informative with regard to the controlling legal principles, are inapposite since each involves analysis on a motion for summary judgment of whether a particular defendant's conduct in allegedly failing to intervene violated plaintiff's civil rights. *See, e.g., Mowry*, 2004 WL 2202645, at *4 (finding, based upon the record, no reasonable opportunity to intercede, and thus no basis for finding liability); *Husbands v. City of New York,* No. 05-Civ. 9252, 2007 WL 2454106, at *11 (S.D.N.Y. Aug. 16, 2007) (same); *see also Espada*, 522 F. Supp. 2d at 556 n.13 (same).  At this procedural juncture, the court is tasked only with determining whether plaintiff has pleaded a plausible claim against defendant Sigona based upon his failure to intercede.  *See Twombly*, 127 S. Ct. at 1974.  While with the benefit of a more fully developed record the court may ultimately conclude, as a matter law, that Sigona did not have a reasonable opportunity to intervene, or that

22

excessive force was not used by another corrections officer toward the

plaintiff, thus exonerating defendant Sigona from liability for violating

plaintiff's civil rights, it cannot now do so given the procedural posture of

the case.

### 3.   Defendant Ruston

The allegations made by plaintiff in his complaint against defendant

Ruston are similar to those against defendant Sigona.  Plaintiff asserts that

Corrections Officer Ruston was present in the group cell when he was

assaulted by defendant Manna, and that he "stood and watched the

incident" without intervening.  Complaint (Dkt. No. 1) Statement of Facts ¶

5.  For the reasons previously stated with respect to defendant Sigona, I

am unable to conclude at this juncture that this allegation does not suffice

to support a plausible failure to intervene cause of action.  *See supra* at

Part III.C.2.

### 4.   Defendant Ryerson[5]

---

[5]   Plaintiff's failure to respond to the motions submitted by defendants Ryerson
and Vega does not preclude me from making a recommendation as to the pending
motions without the benefit of his submission. *See*, *e.g., White v. Mitchell,* No. 99-
CV-8519, 2001 WL 64756, at *1 (E.D.N.Y. Jan. 18, 2001).  Such a motion to
dismiss tests only the legal sufficiency of the plaintiff's complaint; accordingly, since
the plaintiff has been afforded a reasonable opportunity to respond to the motion,
but has failed to avail himself of that chance, the court can now determine the
complaint's sufficiency as a matter of law based on its own reading of the complaint
and knowledge of the case law.  *McCall v. Pataki,* 232 F.3d 321, 322-23 (2d Cir.

_____The situation with respect to defendant Ryerson is distinctly different from that of his or her co-defendants.  No mention is made of defendant Ryerson in the factual body of plaintiff's complaint; defendant Ryerson is referenced only in the causes of action, in which plaintiff alleges defendant Ryerson's failure to process his sick call slips, thereby effectively precluding plaintiff from receiving medical treatment for his injuries.  *See* Complaint (Dkt. No 1) Statement of Facts ¶ 22.  While modest at best in describing defendant Ryerson's alleged involvement, given the deference owed to his *pro se* status I conclude that this allegation satisfies the minimal pleading requirement of Rule 8 of the Federal Rules of Civil Procedure and sufficiently alleges, at this early procedural juncture, defendant Ryerson's deliberate indifference to plaintiff's serious medical needs.[6]  *See Rodriguez v. Suffolk County Corr. Facility*, No. 08-CV-2041,

---

2000).  It should be noted, however, that plaintiff's failure to respond in opposition to the pending motion is not without significance; under this court's local rules, a party's failure to respond to a properly filed motion can constitute consent to the granting of that motion, so long as the court determines that the moving party has met its burden demonstrating entitlement to the relief requested.  N.D.N.Y.L.R. 7.1(b)(3); *see also McCall*, 232 F.3d at 322-23 (holding that plaintiff's failure to respond to motion to dismiss in and of itself could not constitute basis for dismissal if plaintiff's complaint stated a claim for relief); *White,* 2001 WL 64756, at n. 2 (citing *McCall*).

[6]   It is noted that in defendant Ryerson's motion, an additional argument is made to the effect that plaintiff's description of his injuries resulting from the alleged March 7, 2006 assault do not suffice to establish the existence of a serious medical need.  Defendant Ryerson's Memorandum (Dkt. No. 22-2) at p. 2.  That argument

2009 WL 205052, at *6-7 (E.D.N.Y. Jan. 27, 2009) (denying motion to dismiss medical indifference claim where claim was supported by complaint and appended materials, but acknowledging that it could emerge at summary judgment or some later stage of the proceeding that the claim was not sufficiently supported).  I therefore recommend that defendant Ryerson's motion be denied.

      5.   <u>Defendant Vega</u>

Plaintiff's complaint alleges that defendant Vega, apparently a registered nurse at the Auburn Correctional Facility, examined Cicio's injuries following the alleged assault by defendant Manna, but failed to provide any medical assistance, including to arrange for plaintiff to be seen by a doctor.  *See* Complaint (Dkt. No. 1) Statement of Facts ¶¶ 6, 8, 21. Plaintiff also alleges that the injuries which he received presented serious medical needs.  *Id.* ¶¶ 21-22.  These allegations, taken together, suffice to establish a plausible claim of deliberate medical indifference on the part of

_____

is reiterated in the motion subsequently filed by defendant Vega.  Defendant Vega's Memorandum (Dkt. No. 28-2) at p. 2.  While it may well be true that in the end, based upon a more robust record, the court will agree and determine, as a matter of law, that plaintiff's injuries do not meet this threshold showing necessary to support an Eighth Amendment claim, plaintiff's complaint nonetheless states a plausible deliberate indifference to a serious medical need claim.  *See Rodriguez v. Suffolk County Corr. Facility*, No. 08-CV-2041, 2009 WL 205052, at *7 (E.D.N.Y. Jan. 27, 2009).

defendant Vega.  *See Rodriguez*, 2009 WL 205052, at *6 (finding that

plaintiff's allegations that prison personnel acted recklessly when they

deprived him of treatment for insect bite and failed to provide him with

necessary medical care during hospital stay set forth a plausible claim of

medical indifference).

IV.    SUMMARY AND RECOMMENDATION

        In four separate motions, five of the six defendants named in

plaintiff's complaint seek a finding that plaintiff's complaint fails to

demonstrate the existence of plausible claims of excessive force, failure to

intervene, and/or deliberate indifference to serious medical needs against

them, asserting arguments which will undoubtedly resurface, either at trial

or through the filing of motions for summary judgment, when the issues

raised in those motions can be examined with the benefit of a more fully

developed record.  At this juncture, I am unable to conclude that plaintiff

has not plausibly alleged those defendants' participation in constitutional

deprivations under the Eighth and Fourteenth Amendments alleged by

Cicio.  Accordingly, it is hereby respectfully

        RECOMMENDED that defendants' motions to dismiss plaintiff's

complaint for failure to state a cause of action upon which relief may

be granted (Dkt. Nos. 9, 15, 22 and 28) be DENIED in their entireties.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court within TEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this Report and Recommendation upon the parties in accordance with this court's local rules.


Dated:      February 10, 2009
            Syracuse, NY


David E. Peebles
U.S. Magistrate Judge